UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANGELA STALEY,

                                                                         Plaintiff,       **COMPLAINT**

            -against-

VILLAGE PIZZA III, ROBERT B. TIEDTKE,       Jury Trial Demanded

                                                             Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against her former employer alleging hostile work environment harassment and discrimination with respect to the terms and conditions of her employment based on gender, national origin, age, disability and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"); the Americans with Disabilities Act of 1990 ("ADA"); the Age Discrimination in Employment Act of 1967 ("ADEA") the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq*. ("NYSHRL"); and New York common law. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343, as this action asserts violations of Title VII, the ADA and the ADEA, and therefore raises federal questions regarding the deprivation of plaintiff's rights.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her New York State claims, which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because defendants are located in this District and the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## ADMINISTRATIVE REQUIREMENTS

6. Plaintiff timely filed an administrative complaint of discrimination and retaliation with the New York State Division of Human Rights ("SDHR"), which was dual filed with the Equal Employment Opportunity Commission ("EEOC").

7. The EEOC issued plaintiff a right to sue letter on June 3, 2022, allowing her to bring suit within 90 days of her receipt of the letter.

## PARTIES

8. Plaintiff is a resident of the State of New York, County of Dutchess. Plaintiff is a 54 year-old woman with medical conditions that qualify as disabilities. Plaintiff was born in Germany and recently became a United States citizen.

9. Village Pizza III is a restaurant located in Red Hook, New York. Robert B. Tiedtke is the owner, principal and operator of Village Pizza III. Tiedtke owns other businesses, and Village Pizza III may be part of another business entity, unknown to plaintiff, and not disclosed to the SDHR or EEOC.

## STATEMENT OF FACTS

10. Plaintiff is a 54 year-old woman with significant medical conditions, born in Germany, who recently became a United States citizen.

11. Plaintiff was hired by Village Pizza III in Red Hook, New York, as a chef in 2013. Robert B. Tiedtke is the owner, principal and operator of Village Pizza III. Tiedtke owns other businesses, and Village Pizza III may be part of another business entity, unknown to plaintiff.

12. At all relevant times, plaintiff performed her duties in a satisfactory manner and was qualified for her position.

13. Plaintiff was constructively discharged and forced to leave her job on November 6, 2021, due to discrimination and hostile work environment harassment based on plaintiff's national origin, accent, age, disability, immigration status, and gender, as well as retaliation. The harassment went on for years, including 2021, up until the time that plaintiff was constructively discharged.

14. During plaintiff's employment, Tiedtke and several of plaintiff's co-workers, such as Joshua Kirkpatrick, Mike (last name unknown) and Heraldo (last name unknown), referred to her as a Nazi, mocked her German accent, pretended not to understand what she was saying, told her to wear a swastika and did the "Heil Hitler" salute in her presence. Tiedtke also said such things to plaintiff as "I did Nazi that coming" (instead of saying "I did not see that coming"). The co-workers made their discriminatory comments in front of Tiedtke, after seeing him do it and realizing it was acceptable at work.

15. The discriminatory harassment was constant. Plaintiff complained to Tiedtke about the way he and some of his employees treated her, but Tiedtke did nothing about it and mocked plaintiff further for complaining.

16. Tiedtke also made comments to plaintiff about her immigration status by taunting her about I.C.E. (Immigration and Customs Enforcement), playing with an ice cube in

front of her taunting her about I.C.E. and wearing a t-shirt that had ICE written on it.  At the time that these events occurred, plaintiff was not yet a citizen.

  17.  Further, Tiedtke frequently mocked plaintiff's body weight and stuck his belly out and rubbed it.  He once took a photo of plaintiff's stomach, circled the protruding area and sent it to plaintiff:



18. Plaintiff is overweight because of two medical conditions, fibromyalgia and psoriatic arthritis, and from the steroids she takes for the conditions. Plaintiff's conditions amount to disabilities under federal and state law. They substantially impair major life activities, causing plaintiff extreme pain, fatigue, swelling, skin rashes, weight gain and difficulty walking. Plaintiff sometimes had to use crutches at work because she was unable to work.

19. Plaintiff informed Tiedtke about her symptoms, treatment plan, and reactions to the medical treatment and medications, but Tiedtke did not accommodate plaintiff's disability. Tiedtke made jokes about plaintiff's orthopedic shoes, would often not allow her to take off from work for doctor's appointments, and would not allow her to sit and rest in violation of the ADA, the NYSHRl, 29 C.F.R. § 785.18 ("Rest periods of short duration, running from 5 minutes to about 20 minutes, . . . are customarily paid for as working time. They must be counted as hours worked.") and New York Labor Law. Tiedtke made fun of plaintiff when she had difficulty walking. Tiedtke also regarded plaintiff as disabled.

20. Tiedtke, and other co-workers in Tiedtke's presence, also frequently made comments about plaintiff's age such as she is "too old, " she is in menopause, "that's what happens when you get older," and "you cannot do this anymore."

21. Further, Tiedtke treated the female employees differently than he treated the male workers. Tiedtke made negative statements to the women and treated them worse than the men. Tiedtke also belittled the women employees in front of customers when they made mistakes. Tiedtke would listen to the male employees when they had issues and concerns, but dismissed the women. Women, not men, were required to clean the restaurant at night. Tiedtke once screamed at a female employee and shoved her. She resigned. Plaintiff also told Tiedtke that Heraldo and Tiedtke's nephew, Derek Legoff, another employee, touched plaintiff in

inappropriate areas, and propositioned plaintiff for sex. Legoff followed plaintiff home once and jumped over her fence. Tiedtke took no action.

23. Tiedtke's discriminatory and retaliatory harassment of plaintiff also included allowing other employees to sit down during their break and talk with customers, while plaintiff was not. Also, plaintiff was the only employee who had her pay deducted for a 30 minute break during a 12 hour shift. In addition, Tiedtke did not allow plaintiff to talk to customers.

23. November 6, 2021 was the breaking point for plaintiff. Plaintiff told Tiedtke that she could not take the discriminatory and retaliatory harassment anymore. Tiedtke kept alcohol in the restaurant, which was served to certain customers, even though the restaurant did not have a liquor license, Tiedtke was apparently drunk, jumped off a chair, started screaming and yelling at plaintiff, locked the door, and turned the lights off. Tiedtke stood in the middle of the room and threw items that were on the tables against the wall. As plaintiff stood there in disbelief, the owner picked up a full large garbage bin and threw it at plaintiff. Plaintiff was the only employee in the room. Plaintiff had no choice but to stop working at Village Pizza III. A reasonable person in plaintiff's position could not have continued to endure the discriminatory and retaliatory harassment.

24. As a result of the defendants' actions, plaintiff suffered severe emotional distress, fear, embarrassment, humiliation, anxiety, disgust, an invasion of privacy, pain and fatigue, loss of income, and financial loss.

## FIRST CLAIM

**(Hostile Work Environment & and Gender Discrimination under Title VII of the Civil Rights Act of 1964)**

**(Against Defendant Village Pizza IIIl)**

6

25. Plaintiff repeats the foregoing allegations.

26. Defendant Village Pizza III discriminated against plaintiff on the basis of her sex, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of plaintiff based on her sex.  Defendant also treated plaintiff differently concerning the terms and conditions of her employment based on her sex.  Because the individuals who perpetrated the discrimination were Tiedtke, and co-workers in front of Tiedtke, who did nothing about it, their conduct is imputed to Village Pizza III.

27. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

28. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

**(Hostile Work Environment and National Origin Discrimination under Title VII of the Civil Rights Act of 1964)**

**(Against Defendant Village Pizza III)**

29. Plaintiff repeats the foregoing allegations.

30. Defendant Village Pizza III discriminated against plaintiff on the basis of her national origin, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of plaintiff based on her national origin.  Defendant also treated plaintiff differently concerning the terms and conditions of her employment based on her national origin, including her accent and immigration status.  Because the individuals who perpetrated the

discrimination were Tiedtke, and co-workers in front of Tiedtke, who did nothing about it, their conduct is imputed to Village Pizza III.

31. Defendant's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

32. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### THIRD CLAIM

**(Retaliation under Title VII of the Civil Rights Act of 1964)**

**(Against Defendant Village Pizza III)**

33. Plaintiff repeats the foregoing allegations.

34. Defendant Village Pizza III retaliated against plaintiff through continued and increased harassment and constructively discharging her because plaintiff engaged in the protected activity of complaining about discrimination. Because the individuals who perpetrated the retaliation were Tiedtke, and co-workers in front of Tiedtke, who did nothing about it, their conduct is imputed to Village Pizza III.

35. Defendant's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

36. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### FOURTH CLAIM

**(Hostile Work Environment and Disability Discrimination under the ADA)**

**(Against Village Pizza III)**

37. Plaintiff repeats the foregoing allegations.

38. Defendant Village Pizza III discriminated against plaintiff on the basis of her disabilities, in violation of the ADA, by participating in, creating, fostering, condoning, accepting, ratifying, and/or failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of plaintiff based on her disabilities and what it regarded as disabilities.  The defendant also failed to reasonable accommodate plaintiff's disabilities. Defendant also treated plaintiff differently concerning the terms and conditions of her employment based on her disabilities and what it regarded as disabilities.  Because the individuals who perpetrated the discrimination were Tiedtke, and co-workers in front of Tiedtke, who did nothing about it, their conduct is imputed to Village Pizza III.

39. Defendant's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

40. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

**(Retaliation under the ADA)**

**(Against Village Pizza III)**

41. Plaintiff repeats the foregoing allegations.

42. Defendant Village Pizza III retaliated against plaintiff through continuous and increased harassment and constructively discharging her because plaintiff engaged in the protected activity of complaining about discrimination and requested accommodations.  Because the individuals who perpetrated the retaliation were Tiedtke, and co-workers in front of Tiedtke, who did nothing about it, their conduct is imputed to Village Pizza III.

43. Defendant's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

44. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### SIXTH CLAIM

**(Hostile Work Environment and Age Discrimination under the ADEA)**

**(Against Village Pizza III)**

45. Plaintiff repeats the foregoing allegations.

46. Defendant Village Pizza III discriminated against plaintiff on the basis of her age, in violation of the ADEA, by participating in, creating, fostering, condoning, accepting, ratifying, and/or failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of plaintiff based on her age.  Defendants also treated plaintiff differently concerning the terms and conditions of her employment based on her age.  Because the individuals who perpetrated the discrimination were Tiedtke, and co-workers in front of Tiedtke, who did nothing about it, their conduct is imputed to Village Pizza III.

47. Defendant's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

48. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### SEVENTHCLAIM

**(Retaliation under the ADEA)**

**(Against Village Pizza III)**

49. Plaintiff repeats the foregoing allegations.

50. Defendant Village Pizza III retaliated against plaintiff through continuous and increased harassment and constructively discharging her because plaintiff engaged in the protected activity of complaining about discrimination. Because the individuals who perpetrated the discrimination were Tiedtke, and co-workers in front of Tiedtke, who did nothing about it, their conduct is imputed to Village Pizza III.

51. Defendant's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

52. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## EIGHTH CLAIM

**(Hostile Work Environment Harassment and Gender Discrimination under the NYSHRL)**

**(Against all Defendants)**

53. Plaintiff repeats the foregoing allegations.

54. Defendants discriminated against plaintiff on the basis of her sex, in violation of the NYSHRL, by participating in, creating, fostering, condoning, accepting, ratifying, and/or failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of plaintiff based on her sex. Defendants also treated plaintiff differently concerning the terms and conditions of her employment based on her sex. Because the individuals who perpetrated the discrimination were Tiedtke, and co-workers in front of Tiedtke, who did nothing about it, their conduct is imputed to Village Pizza III. The individual defendant, Tiedtke, is individually liable for his own misconduct and/or for aiding and abetting discrimination.

55. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

56. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## NINTH CLAIM

**(Hostile Work Environment and National Origin Discrimination under the NYSHRL)**

**(Against all Defendants)**

57. Plaintiff repeats the foregoing allegations.

58. Defendants discriminated against plaintiff on the basis of her national origin, including her accent and immigration status, in violation of the NYSHRL, by participating in, creating, fostering, condoning, accepting, ratifying, and/or failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of plaintiff based on her national origin, including her accent and immigration status. Defendants also treated plaintiff differently concerning the terms and conditions of her employment based on her national origin, including her accent and immigration status. Because the individuals who perpetrated the discrimination were Tiedtke, and co-workers in front of Tiedtke, who did nothing about it, their conduct is imputed to Village Pizza III. The individual defendant, Tiedtke, is individually liable for his own misconduct and/or for aiding and abetting discrimination.

59. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

60. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## TENTH CLAIM

**(Hostile Work Environment and Age Discrimination under the NYSHRL)**

**(Against all Defendants)**

61. Plaintiff repeats the foregoing allegations.

62. Defendants discriminated against plaintiff on the basis of her age, in violation of the NYSHRL, by participating in, creating, fostering, condoning, accepting, ratifying, and/or failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of plaintiff based on her age. Defendants also treated plaintiff differently concerning the terms and conditions of her employment based on her age. Because the individuals who perpetrated the discrimination were Tiedtke, and co-workers in front of Tiedtke, who did nothing about it, their conduct is imputed to Village Pizza III. The individual defendant, Tiedtke, is individually liable for his own misconduct and/or for aiding and abetting discrimination.

63. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

64. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## ELEVENTH CLAIM

**(Hostile Work Environment and Disability Discrimination under the NYSHRL)**

**(Against all Defendants)**

65. Plaintiff repeats the foregoing allegations.

66. Defendants discriminated against plaintiff on the basis of her disabilities, in violation of the NYSHRL, by participating in, creating, fostering, condoning, accepting, ratifying,

and/or failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of plaintiff based on her disabilities and what they regarded as disabilities. The defendants also failed to reasonable accommodate plaintiff's disabilities. Defendants also treated plaintiff differently concerning the terms and conditions of her employment based on her disabilities and what they regarded as disabilities. Because the individuals who perpetrated the discrimination were Tiedtke, and co-workers in front of Tiedtke, who did nothing about it, their conduct is imputed to Village Pizza III. The individual defendant, Tiedtke, is individually liable for his own misconduct and/or for aiding and abetting discrimination.

67. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

68. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## TWELFTH CLAIM

### (Retaliation under the NYSHRL)

### (Against all Defendants)

69. Plaintiff repeats the foregoing allegations.

70. Defendants retaliated against plaintiff, in violation of the NYSHRL, through continued and increased harassment and constructively discharging her, because plaintiff engaged in the protected activity of complaining about discrimination and requesting accommodations. Because the, individuals who perpetrated the retaliation were Tiedtke, and co-workers in front of Tiedtke, who did nothing about it, their conduct is imputed to Village Pizza III. The individual defendant, Tiedtke, is individually liable for his own misconduct and/or for aiding and abetting retaliation.

71. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

72. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### THIRTEENTH CLAIM

**(Assault and Battery)**

**(Against All Defendants)**

73. Plaintiff repeats the foregoing allegations.

74. Tiedtke's violent actions on November 6, 2021 and Derek Legoff and Heraldo's sexual misconduct was offensive and nonconsensual and constituted assault and battery under New York law. Because Tiedtke, Legoff and Heraldo were acting within the scope of their employment when they engaged in these acts, Village Pizza III is vicariously liable.

75. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

76. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### FOURTEENTH CLAIM

**(Intentional Infliction of Emotional Distress)**
**(Against All Defendants)**

77. Plaintiff repeats the foregoing allegations.

78. The shocking and outrageous misconduct detailed herein toward plaintiff constituted the intentional infliction of emotional distress under New York law. Because Tiedtke and his employees were acting within the scope of her employment when they engaged in these acts, Village Pizza III is vicariously liable.

79. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

80. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Back and front pay;

    e.    Prejudgment and other lawful interest;

    f.    Such other and further relief as the Court may deem just and proper.

DATED: June 7, 2022

*Richard Cardinale*
_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1507
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com